UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BUNNELL HILL DEVELOPMENT COMPANY,
INCORPORATED, TRACTOR SUPPLY
COMPANY, AND 1515 MANAGEMENT
COMPANY, INCORPORATED,

                        Case Number 02-10250-BC
        Plaintiffs,            Honorable David M. Lawson

v.

BAY COUNTY ROAD COMMISSION, MEIJER,
INCORPORATED, and GOOD WILL COMPANY,
INCORPORATED,

        Defendants.
_____/

## OPINION AND ORDER GRANTING JUDGMENT TO PLAINTIFFS
### (After Remand)

This matter is before the Court on remand from the Court of Appeals for the Sixth Circuit instructing the Court to determine whether, in light of a new rule promulgated by the Bay County Road Commissioners while the case was pending on appeal, the case is moot. The Court entered judgment for the plaintiffs on their complaint filed in this Court in 2002 after adjudicating cross motions for summary judgment. The issues and ruling were summarized as follows:

> This case involves a challenge to the authority of the Bay County, Michigan Road Commission to require a landowner to improve a public roadway, at its own expense, as a condition of retaining a driveway permit that previously had been issued to it by the Road Commission. The Court finds that the Michigan Legislature has empowered county road commissions to enact rules that would allow them to exercise such authority. However, the Bay County Road Commission has not yet enacted such rules, and therefore it is without the authority to demand that the landowners effectuate and pay for the roadway improvements under pain of driveway permit revocation. The Court, therefore, will grant the plaintiffs' motion for summary judgment and award the relief requested. The Court will deny the Road Commission's motion to dismiss and its alternative motion for summary judgment.

*Bunnell Hill Development Co. v. Bay County Rd Commission*, 2003 WL 23142192 at *1 (E.D. Mich. Sept. 23 2003). The facts of the case are summarized in the previous opinion and need not be repeated here.

The defendants filed a timely notice of appeal. While the case was pending on appeal, the Road Commission promulgated new rules that were intended to address the circumstances presented in this case. The new rules, adopted by the Bay County Road Commissioners under authority of State law, are entitled "Revised Permit Rules, Standards and Specifications for Work Within Right-Of-Way Overhead and Underground Construction Driveways, Banners and Parades." *See* Pl.s' Br. on Remand Ex. 4, Bay County Road Commissioners Revised Rules. Paragraph W of the revised rules states:

> **W.    CHANGE IN USE**
> The owner of property served by a driveway connecting to a county road shall obtain a new permit from the Board when a change or expansion of the use of the property abutting a road occurs. A change in use includes, but is not limited to, a change from residential to commercial use; additional access to another commercial property from/through a previously permitted driveway; expansion of an existing use; a change in the type of commercial operation or a proposed use that requires a special use permit from the local land use entity. A change in the use of the property may require a change in the number, design, or location of the driveway or driveways that serve the property.

Revised Permit Rules at 23.

It appears that the parties informed the court of appeals of the rule change at the appellate argument. Thereafter, the court of appeals entered an order vacating this Court's judgment and remanding the case for further consideration. The court stated:

> The new rule raises a substantial question as to whether this case has become moot. That question should be addressed in the first instance, we believe, by the district court. Accordingly, the judgment is **VACATED** and the case is **REMANDED** to the district court with instructions to determine the effect of the Commission's new rule and then proceed accordingly.

*Bunnell Hill Development Co., Inc. v. Bay County Road Com'n,* 123 Fed. Appx. 684, 684-85 (6th Cir. 2005).

Following receipt of the mandate, this Court ordered additional briefing and heard further argument from the parties through their attorneys on October 11, 2005.  In their briefs and at argument, both parties agree that Paragraph W can be applied only prospectively and has no application to the controversy before the Court.  That agreement appears to track Michigan law on the subject.  *See McQueen v. Great Markwestern Packing Co.*, 402 Mich. 321, 328, 262 N.W.2d 820, 822 (1978) (holding that statutes are ordinarily prospective unless contrary intent clearly appears from the contents of the statutes themselves); *see also Clonlara v. State Bd. of Educ.*, 442 Mich. 230, 239, 501 N.W.2d 88, 93 (1993) (stating that agency rules have the force and effect of laws).  However, the defendant Road Commission argues further that it had the authority to revoke the plaintiffs' driveway permit if additional improvements were not made even absent the regulation. It its brief, the Road Commission requests the following relief:

> BCRC respectfully requests this Honorable Court find Paragraph W of the Permit Rules to be a valid enactment and prospectively applicable because the BCRC may regulate driveways without specific regulation and Paragraph W merely allows BCRC to regulate driveways pursuant to its police powers.  To the extent necessary to develop a record supporting these contentions, BCRC consents to additional hearings in this matter.

Defs' Br. on Remand at 15.

The Court will decide the mootness issue as instructed by the court of appeals' mandate, and it shall also address the additional issues raised by the defendants.

I.

Both the Supreme Court and the Sixth Circuit have explained that "[a] federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).  Issues presented to a federal court that "are no longer live or [issues in which] parties lack a legally cognizable interest in the outcome" render a case moot. *United States  v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (citing *Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  The question of mootness "depends on whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Id.* at 451 (internal quotation marks and citations omitted).  Federal courts must make the mootness "inquiry at every stage of case" including during appeal.  *Ibid.*

In its previous ruling in this case, the Court held "that the Road Commission must enact rules in the manner prescribed by the Michigan Legislature in order to exercise its authority to revoke a permit under Michigan Compiled Laws Section 247.326." *Bunnell Hill*, 2003 WL 23142192 at *6. Because the Road Commission had not yet enacted rules, the Court held that it did not have the authority to make its demands on the plaintiffs or revoke the permit for failure to comply.  The Court observed that "there appears to be nothing that would prevent the Road Commission from promulgating such rules going forward," and that "[t]he question of the retroactive effect of such rules, and its impact upon the present circumstances, has not been presented to this Court, and need not be decided at the present time."  *Ibid.*  That is exactly what the Road Commission did.

However, although Paragraph W would appear to govern situations like the one presented by the facts in this case, the new rule does not render the present controversy moot because, as the defendants concede, the new rule has prospective application only. Their brief begins

> BCRC concedes that this regulation, enacted while this case was pending on appeal, *does not apply to Plaintiffs.* BCRC nonetheless contends that Paragraph W is a valid enactment *and applies to entities from its time of enactment* because: (1) The Bay County Road Commission may regulate driveways even without specific regulation; and (2) Paragraph W of the Bay County Road Commission's Permit Rules is a valid exercise of its police powers.

Defs' Br. on Remand at 5 (emphasis added). Because the new rule has no application, the Road Commission cannot revoke the plaintiffs' driveway permit for failure to make improvements unless it is authorized under law to proceed in the absence of rules. This Court has already answered that question in the negative, and the legal ruling does "make a difference to the legal interests of the parties." *United States v. City of Detroit*, 401 F.3d at 451.

Because the parties agree that Paragraph W does not apply retroactively, the new rule does not affect the legal posture of the parties or the controversy before the Court; it is as if the new rule were not enacted at all. The Court finds, therefore, that the controversy remains live and is not moot.

II.

The defendant Road Commission argues nonetheless that it may proceed even in the absence of duly enacted rules. The Court has already rejected that argument, and revisiting it now would constitute reconsideration of the issue. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable,

manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

The defendants here have not demonstrated any mistake of fact or law that amounts to a "palpable defect." Rather, the defendants re-assert the arguments presented the first time around. The Local Rules provide, however, that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

Moreover, the mandate issued by the court of appeals does not appear to contemplate reconsideration of the prior ruling. Rather, the court directed "the district court . . . to determine the effect of the Commission's new rule and proceed accordingly." *Bunnell Hill,* 123 Fed. Appx. at 684-85. The Sixth Circuit has explained that "[t]he basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals." *Scott v. Churchill,* 377 F.3d 565, 569-70 (6th Cir. 2004) (internal citation and quotation marks omitted). What falls within the "scope of remand is determined by examining the entire order or opinion, to determine whether and how the court of appeals intended to limit a remand." *Id.* at 570.

Although the court of appeals instructed this Court to "proceed accordingly" after it determined the mootness question, this Court doubts that the higher court intended that a wholesale reconsideration of the previous rulings would result from a determination that the controversy was still live. This Court, therefore, will decline the defendants' invitation to do so.

III.

The defendants also appear to ask this Court to declare that "Paragraph W of the Permit Rules to be a valid enactment and prospectively applicable." Defs' Br. on Remand at 5. However,

-6-

"[t]he power of the federal courts extends only to '[c]ases' and '[c]ontroversies,' U.S. Const. art. III, § 2, cl. 1, and this constitutional limitation has been interpreted as precluding the federal courts from issuing advisory opinions." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 597 (6th Cir. 2002) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Any declaration by this Court as to the validity of Paragraph W could have no effect on the present controversy since the parties already have conceded that it does not apply to the plaintiffs presently. Such an opinion would be advisory only.

IV.

The Court finds that the controversy has not been rendered moot by the Road Commission's enactment of new rules. The Court adheres to its prior decision.

Accordingly, it is **ORDERED** that the plaintiffs' motion for summary judgment [dkt #47] is **GRANTED**.

It is further **ORDERED** that the motion by defendant Bay County Road Commission to dismiss or in the alternative for summary judgment [dkt #46] is **DENIED**.

The Court **DECLARES** that the Road Commission does not have the authority to rescind driveway permit number 83-085 and close the access drive that connects the plaintiffs' property to Wilder Road.

It is further **ORDERED** that the defendant, Bay County Road Commission, its servants, agents, attorneys, and those in active concert and participation with it who receive actual notice of this Order, are hereby restrained and enjoined from closing the said access drive or otherwise impairing the plaintiffs' easement for ingress and egress over the access drive to Wilder Road, based upon the present circumstances, including the current state of the Rules enacted by the said

defendant Road Commission pursuant to Section 5 of the Michigan Driveway, Banner, Events and Parades Act of 1969, Michigan Compiled Laws § 247.325.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 18, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS